UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-00379-DOC(MAR)**                                                Date:  March 24, 2022

Title     *Phillip Lee Brock v. State of California et al*

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

|  ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  DISMISSAL FOR LACK OF PROSECUTION**

On January 7, 2022, Phillip Lee Brock ("Plaintiff"), proceeding in forma pauperis ("IFP") and pro se, constructively filed[1] a Complaint ("Complaint") against the "State of California/Valley State Prison Healthcare" ("Defendant").  ECF Docket No. ("Dkt.") 1 at 3.  On February 4, 2022, the Court dismissed the Complaint with leave to amend ("ODLA"), granting Plaintiff until March 7, 2022, to either:  (1) file a First Amended Complaint ("FAC"); (2) file a notice that he intends to stand on the allegations in the Complaint; or (3) voluntarily dismiss the action.  Dkt. 6 at 8–10.  The ODLA cautioned Plaintiff that failure to timely file a response to the ODLA "**may result**" in the dismissal of the Complaint for failure to prosecute.  Id.  To date, Plaintiff has failed to file a FAC or otherwise correspond with the Court.

Accordingly, Plaintiff is ordered to show cause in writing **within twenty-one (21) days** of this Order, **by April 13, 2022**, why this action should not be dismissed under Rule 41(b) for failure to prosecute.  See Fed. R. Civ. P. 41(b).

The Court will consider any of the following three (3) options to be an appropriate response to this OSC:

1. Plaintiff shall file a First Amended Complaint that addresses the deficiencies identified in the Court's February 4, 2022 ODLA;
2. Plaintiff shall provide the Court with an explanation as to why he has failed to file a First Amended Complaint; or
3. Plaintiff may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk is directed to attach a Notice of Dismissal form for Plaintiff's convenience.**

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   **2:22-cv-00379-DOC(MAR)**                                    Date:  March 24, 2022

Title      *Phillip Lee Brock v. State of California et al*

    **Failure to respond to the Court's Order <u>will</u> result in the dismissal of the action.**

    **IT IS SO ORDERED.**

|  | **Initials of Preparer** | : |
|---|---|---|
|  |  | eb |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), |  |
| v. |  |
|  | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). |  |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                                              *Signature of Attorney/Party*

*NOTE:* **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.**

**F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.**