UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP LEE BROCK,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>STATE OF CALIFORNIA, ET AL.,<br><br>　　　　　　　　Defendant. | Case No. 2:22-cv-00379-DOC-MAR<br><br>MEMORANDUM AND ORDER DISMISSING CASE |

## I.

## **INTRODUCTION**

On January 7, 2022, Phillip Lee Brock ("Plaintiff"), proceeding in forma pauperis ("IFP") and pro se, constructively filed[1] the instant Complaint ("Complaint"). ECF Docket No. ("Dkt.") 1 at 3. On February 4, 2022, the Court dismissed the Complaint with leave to amend ("ODLA"), granting Plaintiff until March 7, 2022, to file a First Amended Complaint ("FAC"). Dkt. 6 at 8–10. To date, Plaintiff has not filed a FAC. For the reasons below, the Court **DISMISSES** this action, without prejudice.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

## II.
## BACKGROUND

On January 7, 2022, Phillip Lee Brock ("Plaintiff"), proceeding in forma pauperis ("IFP") and pro se, constructively filed a Complaint ("Complaint") against the "State of California/Valley State Prison Healthcare" ("Defendant"). ECF Docket No. ("Dkt.") 1 at 3. On February 4, 2022, the Court dismissed the Complaint with leave to amend ("ODLA"), granting Plaintiff until March 7, 2022, to either: (1) file a First Amended Complaint ("FAC"); (2) file a notice that he intends to stand on the allegations in the Complaint; or (3) voluntarily dismiss the action. Dkt. 6 at 8–10. The ODLA cautioned Plaintiff that failure to timely file a response to the ODLA "**may result**" in the dismissal of the Complaint for failure to prosecute. Id.

On March 24, 2022, this Court issued an Order to Show Cause ("OSC") giving Plaintiff until April 13, 2022, to show why this action should not be dismissed for failure to prosecute. Dkt. 7. Plaintiff was warned that, "[f]ailure to respond to the Court's Order **will** result in the dismissal of the action." Id. (emphasis added).

On May 2, 2022, this Court issued a second OSC ordering Plaintiff to respond to the Court's previous Orders. Dkt. 8. Plaintiff was warned that he "must comply…**by May 16, 2021,** or this action **will** be dismissed for failure to prosecute." Id. (emphasis in original). Plaintiff has not corresponded with the Court at all since he filed the Complaint on January 7, 2022.

## III.
## DISCUSSION

**A.    APPLICABLE LAW**

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

1 or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v.
2 Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to
3 comply with court orders).

4     In deciding whether to dismiss for failure to prosecute or comply with court
5 orders, a district court must consider five (5) factors: "(1) the public's interest in
6 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
7 risk of prejudice to the defendants; (4) the public policy favoring disposition of cases
8 on their merits; and (5) the availability of less drastic sanctions." Omstead v. Dell,
9 Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d
10 1421, 1423 (9th Cir. 1986)).

11     "[The Ninth Circuit] 'may affirm dismissal where at least four factors support
12 dismissal . . . or where at least three factors "strongly" support dismissal.'" Yourish v.
13 California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of
14 El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). In a case involving sua sponte
15 dismissal, however, the fifth Henderson factor regarding the availability of less drastic
16 sanctions warrants special focus. Hernandez, 138 F.3d at 399.

17 **B.**    **ANALYSIS**

18     **1.**    **The public's interest in expeditious resolution of litigation**

19     In the instant action, the public's interest in expeditious resolution of litigation
20 weighs in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
21 2002) ("The public's interest in expeditious resolution of litigation always favors
22 dismissal." (quoting Yourish, above) (internal quotation omitted)). Plaintiff has not
23 filed a FAC in compliance with the Court's February 4, 2022 ODLA or otherwise
24 responded to the Court's March 24, 2022 or May 2, 2022 OSCs. In fact, Plaintiff has
25 not corresponded with the Court at all since he first filed his Complaint on January 7,
26 2022. Dkt. 1. Given that Plaintiff has failed to interact with the Court for over four
27 (4) months, this factor weighs in favor of dismissal. See Dkt. 1; see also Pagtalunan,
28

291 F.3d at 642 (finding that the plaintiff's failure to pursue the case for almost four (4) months weighed in favor of dismissal).

### 2. The Court's need to manage its docket

The second factor—the Court's need to manage its docket—likewise weighs in favor of Dismissal. Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik, 963 F.2d at 1261. As such, the second factor looks to whether a particular case has "consumed . . . time that could have been devoted to other cases on the [Court's] docket." See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's docket.").

On February 4, 2022, the Court issued an ODLA ordering Plaintiff to file a FAC by March 7, 2022. Dkt. 6 at 8–10. The ODLA explicitly cautioned Plaintiff "failure to timely file an Amended Complaint may result in this action being dismissed." Id. at 10.

On March 24, 2022, after Plaintiff failed to respond to the ODLA, the Court issued an OSC why the Complaint should not be dismissed for lack of prosecution. Dkt. 7. The Court issued a second OSC on May 2, 2022, warning that failure to respond will result in dismissal. Dkt. 8.

Plaintiff has failed to comply, or otherwise respond, to any of the Court's Orders, all of which warned Plaintiff that his failure to comply could or would result in the recommended dismissal of the Complaint. Plaintiff's failure to prosecute and follow Court Orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to or cannot litigate this action diligently. Consequently, the Court's need to manage its docket favors dismissal here.

///
///
///

**3.     The risk of prejudice to Defendant**

The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.").

Nothing suggests such a presumption is unwarranted in this case. Plaintiff has not provided any reason for his failure to comply with either the Court's ODLA or OSC and for his failure to communicate with the Court since he filed the original Complaint on January 7, 2022. Dkt. 1. Given the length of the delay, the Court finds Plaintiff's delay in prosecuting this case to be unreasonable. Thus, prejudice is presumed and weighs in favor of dismissal. See, e.g., In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay.").

**4.     Public policy favoring disposition on the merits**

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228. Here, as it usually does, the fourth factor weighs against dismissal. It is, however, Plaintiff's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See Dkts. 6 at 10; 7; 8. Under these circumstances, and without any other information from Plaintiff, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey Court Orders or to file responsive documents within the time granted.

///

### 5. Availability of less drastic alternatives

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424. Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order. See Malone, 833 F.2d at 132 n.1. Further, "a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (citations omitted).

Here, the Court cannot move the case toward disposition without Plaintiff's compliance with Court Orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with Court Orders by filing responsive documents or otherwise cooperating in prosecuting this action. Given this record, the Court finds that any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failures to obey Court Orders and to prosecute.

### 6. Summary

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the potential dismissal in the February 4, 2022 ODLA and in two (2) separate OSCs. See Dkts. 6 at 10; 7; 8.

As discussed above, four (4) of the Rule 41(b) factors weigh in favor of dismissal. Accordingly, this action is subject to dismissal.

///
///
///
///
///
///

# IV.
# ORDER

**IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED** without prejudice.

Dated: May 25, 2022

_David O. Carter_
HONORABLE DAVID O. CARTER
United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge